**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

CLARA MCDONALD,

      Plaintiff,

v.

Civil Action No.   2:26-cv-00031

CITY OF DEL RIO, TEXAS; VAL VERDE
COUNTY; DEL RIO INDEPENDENT
SCHOOL DISTRICT; OFFICER
CAMERON WALLACE; OFFICER ANA
BARRERA; ASSISTANT PRINCIPAL
DeWITT; SUPERINTENDENT CARLOS
RIOS; GEO GROUP, INC.; VAL VERDE
CORRECTIONAL FACILITY; and
JOHN/JANE DOES 1–10,

      Defendants.

---

**DECLARATION OF CLARA MCDONALD**

I, Clara McDonald, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am the Plaintiff in the above-captioned action. I am over the age of 18 and competent to testify to the matters stated herein. I make this Declaration based on my personal knowledge, and if called as a witness I could and would testify competently to the facts stated below.

2.      I am a missionary and pro-life advocate. I reside in Texas.

3.      Before my first visit to the school site referenced in the Complaint, I consulted with attorney Allison Aranda of Life Legal Defense. Ms. Aranda advised me that Texas law permits distributing informational materials on a public sidewalk in front of a public high school. She provided me a property map showing that the sidewalk at 100 Memorial Drive, Del Rio, Texas was public property.

4.      On my first visit in mid-November 2023, I distributed pamphlets regarding the abortion pill on the public sidewalk at that address. A Del Rio police officer arrived while I was there. That officer stated to me that he was not aware of any law prohibiting my distribution of pamphlets on the public sidewalk.

5.      After that visit, I contacted the Del Rio Police Department legal department. A

representative of that office told me that a citation search had been conducted and that no law prohibited the distribution of pamphlets on a public school sidewalk.

6.      On April 11, 2024, at approximately 3:25 p.m., I returned to the public sidewalk at 100 Memorial Drive to distribute pamphlets. Within minutes, three or four marked squad cars arrived at the scene.

7.      An individual I understand to be Assistant Principal DeWitt of Del Rio Independent School District approached me and told me I could not distribute materials. She told me I had to be 300 feet away from the school, and on another occasion during the same encounter told me I had to be 300 yards away.

8.      Officer Ana Barrera of the Del Rio Police Department repeatedly directed me to move onto an adjacent grass area. I refused to move onto the grass area because I understood it to be private property and I understood the sidewalk where I was standing to be public.

9.      While I was on the sidewalk, I placed a telephone call to attorney Allison Aranda and put the call on speakerphone. I personally heard Ms. Aranda explain to Officer Barrera that the sidewalk was public property and that I had a right to be there. Officer Barrera did not accept this information and did not permit me to remain undisturbed on the sidewalk.

10.     Officer Barrera then presented me with a document captioned as a trespass warning and directed me to sign it. I refused to sign the document. Officer Barrera thereafter signed or executed the document herself and represented that I had been warned for trespass.

11.     On April 17, 2024, I returned to the public sidewalk at 100 Memorial Drive with pamphlets. I recorded my approach using my cell phone.

12.     When I arrived, Officer Cameron Wallace and Officer Ana Barrera were already present at or near the location. Their positioning gave me the impression they were waiting for me to arrive.

13.     Officer Wallace told me I was under arrest for "illegal trespass." At that time I was standing on the public sidewalk. I was not on school property.

14.     Officer Wallace then physically took hold of me. He grabbed both of my wrists, twisted my arms, jerked my shoulders, and threw me to the ground. I was not resisting. I did not attempt to flee. I am over sixty-five years old. I did not threaten any officer or any other person.

15.     As a result of being thrown to the ground, my sandals came off my feet. I was then lifted into a squad car and transported to the detention facility without shoes.

16.     I was held in custody for approximately twenty-seven (27) hours.

17.     During my detention, I repeatedly requested to speak with my attorney and to make a phone call. Every such request was denied.

18.      I was never read my Miranda rights by any officer or staff member at any point during the events described in this Declaration.

19.      At some point during my detention, staff moved me into an isolation cell. The cell had a window that was blacked out. The cell smelled strongly of human excrement. There was no running water and no soap in the cell. The floor of the cell was covered with a liquid that appeared to me to be filthy, contaminated water.

20.      Staff members told me, in substance, that I would "rot" in that cell until I answered their questions. Multiple staff members told me that I would not be permitted a phone call, contact with my attorney, or a magistrate appearance unless I first answered their questions.

21.      At some point during my detention, Magistrate Hilda Lopez came to the area of my cell rather than having me brought to a courtroom. In my presence, and addressing the facility staff present, Magistrate Lopez stated in substance that my case was a Class B misdemeanor that was being treated like a felony; that I never should have been there overnight; and that once any person in custody asks for an attorney, all questioning must cease. After Magistrate Lopez indicated I should be released, I remained in custody at the facility for additional time before I was actually released.

22.      When I was released, certain personal property, including my cell phone, was not returned to me at that time.

23.      Following my release, I began to experience cardiac symptoms that I had not experienced before the detention. I was subsequently diagnosed with congestive heart failure.

24.      Two cardiologists who have treated me have told me that, in their medical opinions, my cardiac condition was caused by a viral onslaught resulting from the environmental conditions of the isolation cell in which I was held.

25.      I have reviewed the Complaint filed in this action. The factual statements in the Complaint concerning my own conduct, observations, and experiences are true and correct to the best of my personal knowledge. To the extent the Complaint contains allegations pleaded on information and belief, legal conclusions, or characterizations by counsel, I do not purport to attest to those matters from personal knowledge.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 16th day of April, 2026, at ___San Antonio_____, (city/county) Texas.

*Clara McDonald*
Clara McDonald (Apr 16, 2026 15:56:01 PDT)
**Clara McDonald, Plaintiff**